IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Harriett L. Bolton, | ) | C/A No.: 0:10-cv-01426-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Harriett L. Bolton, brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Security Income (SSI) benefits. The Court finds that the ALJ's decision is supported by substantial evidence and free from harmful legal error, and Magistrate Judge Paige J. Gossett properly recommended that the decision be affirmed.

## Procedural History

The Plaintiff applied for SSI benefits in April 2007. Her application was denied and she requested a hearing before the ALJ. A hearing was held on May 28, 2009, at which the Plaintiff appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision dated June 23, 2009, finding that the Plaintiff was not disabled. The Plaintiff filed an appeal and submitted additional evidence for consideration, which the Appeals Council admitted into the administrative record. The Appeals Council denied the Plaintiff's request for review on April 21, 2010, making the decision of the ALJ the final decision of the Commissioner. On June 3, 2010, the Plaintiff filed an action in this Court for judicial review of that decision. Pursuant to Local Civil Rule

83.VII.02 (D.S.C.), this action was referred to a United States Magistrate Judge.  Magistrate Judge

Paige J. Gossett issued a Report and Recommendation (R&R) on April 26, 2011, recommending that

the Commissioner's decision be affirmed.  The Plaintiff filed timely objections to the R&R, and the

Commissioner filed a response to the Plaintiff's objections on May 31, 2011.  This matter is ripe for

review.

Substantial Evidence Standard

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one.   Section 405(g) of that Act provides: "[T]he findings of the

Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C.

§ 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less

than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v.*

*Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v.*

*Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  This standard precludes a *de novo* review of the

factual circumstances that substitutes the court's findings for those of the Commissioner.  *See*, *e.g.*,

*Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972).  As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted.  The statutorily granted right of review contemplates more than an uncritical rubber

stamping of the administrative action."  *Id*. at 279.   "[T]he courts must not abdicate their

2

responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation

for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### Relevant Background

The Plaintiff was born in 1963 and was 43 years old at the time of her alleged onset date. She

has an eleventh-grade education and has past relevant work experience as a housekeeper, bus driver,

janitor, and manager trainee. She alleges disability since February 6, 2007, due to Human

Immunodeficiency Virus/Acquired Immune Deficiency Syndrome (HIV/AIDS).

Under the Social Security Act, the Plaintiff's eligibility for the benefits she is seeking hinges

on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as

the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The

burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th

Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical

evidence by demonstrating that her impairments meet or equal the medical criteria set forth in

Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability

by proving that she could not perform her customary occupation as the result of physical or mental

impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised

on the claimant's inability to resolve the question solely on medical considerations, it then becomes

necessary to consider the medical evidence in conjunction with certain "vocational factors." 20

C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*.

at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*.

at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that

the individual can perform, *id*. at § 404.1561.  If the assessment of the claimant's residual functional

capacity leads to the conclusion that she can no longer perform her previous work, it must be

determined whether the claimant can do some other type of work, taking into account remaining

vocational factors.  *Id*. at § 404.1561.  The interrelation between these vocational factors is governed

by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R.

§ 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2)

whether she suffers from some physical or mental impairment, (3) whether that impairment meets or

equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

her from returning to her previous work, and (5) whether the impairment prevents her from

performing some other available work.

In the instant matter, the ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 6, 2007, the application date (20 CFR 416.971 et seq.).
>
> 2. The claimant has the following severe impairments: HIV+; fallen arches; and insulin-dependent diabetes mellitus (20 CFR 416.920(c)).
>
> * * *
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform unskilled light work as defined in 20 CFR 416.967(b).
>
> * * *

> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
> * * *
>
> 6. The claimant was born on [REDACTED], 1963 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed. (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> * * *
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).
>
> * * *
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since February 6, 2007, the date the application was filed (20 CFR 416.920(g)).

In her R&R, the Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

<u>Plaintiff's Objections and Analysis</u>

In her objections to the R&R, the Plaintiff "objects to the evaluation performed by the Magistrate Judge in the treating physician section of her [R&R] . . . [and] further objects to the negative evaluation of her credibility as performed by the Magistrate Judge." Objections, pp. 1-2.

First, the Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ reasonably discounted Dr. Elizabeth Darragh's opinion. Dr. Darragh, a treating physician, indicated in March 2007 that the Plaintiff's HIV infection caused wasting syndrome, multiple boils, diarrhea, memory problems, and a decreased ability in concentration. The opinion of a treating physician is generally entitled to more weight than other opinions; however, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to the testimony of a treating physician).

6

Here, the ALJ found that the Plaintiff retained the residual functional capacity to perform light work, but limited her to unskilled work due to the possible side effects of her medications that may decrease her ability to perform detailed work. The Magistrate Judge concluded that the ALJ reasonably discounted Dr. Darragh's opinion on the grounds that it was not supported by her own treatment notes or the record as a whole. For example, while Dr. Darragh opined that the Plaintiff suffered from chronic wasting syndrome, characterized by involuntary weight loss of 10 percent or more of her baseline weight, the record shows that the Plaintiff's weight remained stable between 2007 and 2009, at about 133 pounds for a four-foot, 11-inch tall individual. Additionally, the ALJ noted that treatment records from Richland Community Health Care, where the Plaintiff was seen on multiple occasions by treating physician Dr. Adebajo from August 2007 through May 2009, did not indicate that the Plaintiff had significant complications or the severe symptoms related to HIV cited by Dr. Darragh. Thus, the ALJ had a valid basis for discounting Dr. Darragh's opinion. *See* 20 C.F.R. § 416.927(d)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (recognizing that an ALJ should accord significantly less weight to a treating physician's opinion which is inconsistent with other substantial evidence). Although the ALJ found that the Plaintiff's severe impairments included being HIV positive, fallen arches, and insulin-dependant diabetes mellitus, the Plaintiff has failed to show that the ALJ erred in discounting Dr. Darragh's opinion as inconsistent with the record as a whole. Thus, the Court finds that the Plaintiff has failed to demonstrate that the ALJ's evaluation of Dr. Darragh's opinion was unsupported by substantial evidence or reached through the application of an incorrect legal standard.

7

Next, the Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ

reasonably evaluated the credibility of the Plaintiff's subjective statements in concluding that she was

not disabled.  Specifically, the Plaintiff states that the ALJ "based his finding of a lack of credibility

on a one time psychological evaluation performed by Dr. DePace on January 16, 2008 . . . in

derogation of the overall medical record." Objections, pp. 2-3.  In determining whether a person is

disabled, the ALJ must evaluate the intensity and persistence of the claimant's pain, and the extent

to which it affects her ability to work. *See* 20 C.F.R. § 416.929(c)(1).  This evaluation must take into

account not only the claimant's statements, but also "all of the available evidence," including the

claimant's medical history, medical signs, and laboratory findings, . . . and any other evidence relevant

to the severity of the impairment, such as evidence of the claimant's daily activities, specific

descriptions of the pain, and any medical treatment taken to alleviate it. *Craig*, 76 F.3d at 595.

Inconsistencies between a claimant's testimony and other evidence may support a finding that the

claimant is not fully credible. *See Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir. 1993).  Because an

ALJ has the opportunity to observe the claimant's demeanor, the reviewing court should give the

ALJ's credibility determination "great weight." *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.

1984).

Here, after evaluating all of the evidence, the ALJ found that the Plaintiff's subjective

complaints regarding the severity of her symptoms were not credible.  As the Magistrate Judge noted

in her R&R, the ALJ identified valid reasons, supported by substantial evidence, for discounting the

Plaintiff's subjective complaints.  For example, in determining that the Plaintiff's subjective

complaints were not credible, the ALJ reasonably relied on Dr. DePace's observation that the Plaintiff

did not put forth appropriate effort during a psychological evaluation and appeared to exaggerate her

symptoms, as well as the doctor's opinion that the Plaintiff was malingering.  Moreover, the ALJ

found that the Plaintiff's assertions that her impairments precluded her from being able to work were

inconsistent with her ability to perform daily living activities and concluded that her "ability to

perform such activities demonstrates that she has the capacity to use her upper and lower extremities

and hands without significant limitations, and that she has the capacity to stand, walk, lift, carry, and

move about without significant problems." (Tr. 23).  The ALJ also noted that, at the hearing, the

Plaintiff walked without an assistive device; had no apparent difficulty sitting, standing, walking, or

rising from a seated position; showed no signs of wasting syndrome or pain behavior; and sat for

forty-five minutes with no obvious difficulty.  These were valid reasons for discounting the Plaintiff's

subjective statements. *See* 20 C.F.R. § 416.929(c)(4) (stating an ALJ must consider whether there are

any inconsistencies between alleged restrictions due to symptoms, such as pain, and other evidence);

*English v. Shalala,* 10 F.3d 1080, 1084 (4th Cir. 1993) (finding evidence that a claimant was

uncooperative and poorly motivated during testing supported a finding the claimant was not disabled).

As such, "[t]he ALJ's determination that [Plaintiff's] subjective complaints did not comport with the

evidence is supported by substantial evidence and is an acceptable credibility determination based

upon specific evidence in the record." *Hunter,* 993 F.2d at 36 (citation omitted).

        Notably, the Plaintiff identifies no legal error in the ALJ's credibility finding.  Rather, the

Plaintiff asks the Court to re-weigh the evidence and substitute its judgment for that of the ALJ.

However,  the Court's role on substantial evidence review is limited.  In reviewing for substantial

evidence, the Court does not "re-weigh conflicting evidence, make credibility determinations, or

substitute [its] judgment for that of the [Commissioner]."). *Craig,* 76 F.3d at 589 ("The issue before

us, therefore, is not whether Craig is disabled, but whether the ALJ's finding that she is not disabled

is supported by substantial evidence and was reached based upon a correct application of the relevant

law.").  Because the ALJ's credibility finding is supported by substantial evidence and was reached

based upon a correct application of the relevant law, it should be affirmed.

### Conclusion

The findings of the ALJ are supported by substantial evidence and were not controlled by legal

error.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is

disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's]

designate, the ALJ"). *Craig,* 76 F.3d at 589 (citation omitted).  On the record before it, this Court

must overrule all objections and agree with the Magistrate Judge's recommended disposition of this

case.  After carefully reviewing the entire record, the applicable law, and the positions of the parties,

the Court adopts the recommendation of the Magistrate Judge.

Based on the foregoing, it is **ORDERED** that all objections are overruled; the Magistrate

Judge's R&R is adopted and incorporated herein by reference; and the decision of the Commissioner

denying benefits is hereby **AFFIRMED**.


**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 27, 2011
Florence, South Carolina

10